## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL PERRY,

    Plaintiff,

v.                                                           Case No: 8:17-cv-493-T-30TBM
                                                         Crim. No: 8:08-cr-39 –T-30TBM

UNITED STATES OF AMERICA,

    Defendant.

_____

## **ORDER OF DISMISSAL**

Before the Court is the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. section 2255. (Doc. 1). Upon review and consideration, the Court concludes the Motion must be dismissed as untimely.

## **BACKGROUND**

On February 6, 2008, Petitioner was indicted on one count of possession of child pornography. (CR Doc. 1). Petitioner pled guilty, and the Court adjudicated Petitioner guilty on December 11, 2008. (CR Doc. 56). Petitioner was sentenced to 110 months' imprisonment followed by 10 years' probation. (CR. Doc. 56). Petitioner appealed, and the Eleven Circuit Court of Appeals affirmed the sentence on October 19, 2009.

## **DISCUSSION**

The Court concludes Petitioner's Motion is untimely. Under section 2255(f)(1), a petitioner has one year to file a motion from the date on which his judgment of conviction becomes final. Petitioner timely appealed, and the Eleventh Circuit affirmed the judgment

in an opinion issued October 19, 2009. *United States v. Perry*, 349 F. App'x 470 (11th Cir. 2009). Petitioner's conviction became final 90 days thereafter—on January 18, 2010—when the time to file a petition with the United States Supreme Court expired. *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) (citing *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003)); U.S. Sup. Ct. R. 13(1). That gave Petitioner until January 18, 2011, to file his Motion. But Petitioner did not file his Motion until February 22, 2017—more than six years after the limitations period expired.

Petitioner offers two reasons why his Motion should not be time barred. First, Petitioner explains his Motion was not filed sooner because his counsel "never informed Petitioner of any post-conviction actions," and severed ties with Petitioner while he was in prison. (CV Doc. 1, p. 11). Second, Petitioner says he "did not find out until 5 yrs later that it was his attorney job to file the 2255 Petition on his behalf." (CV Doc. 1, p. 11).

These explanations are insufficient to toll Petitioner's time to file a section 2255 motion. First, Petitioner's ignorance of post-conviction proceedings does not merit equitable tolling. *Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571, 1582, 161 L. Ed. 2d 542 (2005) (holding, "we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness…."); *Lee v. Doc*, No. 3:13-CV-1027-J-39PDB, 2016 WL 3913619, at *3 (M.D. Fla. July 19, 2016) (concluding a prisoner who did not understand his ability to file a post-conviction motion was not excused from complying with the limitations period). But even if Petitioner's ignorance was grounds for equitable tolling, Petitioner did not allege that he could not have learned about post-conviction proceedings within a year of

2

his conviction becoming final had he exercised due diligence.[1] Second, Petitioner's contention that his counsel was responsible for filing the Motion is incorrect. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further." (citation omitted)); *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985) (holding that "there is no automatic constitutional right to representation in a federal habeas corpus proceeding"). Thus, Petitioner's Motion is untimely because he did not provide any valid reason why the period for filing his Motion should have been tolled.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion (CV Doc. 1) is DISMISSED without prejudice.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this case.

4. The Clerk is directed to terminate from pending status the Motion found at Doc. 95 in the underlying criminal case, 8:08-cr-39-T-30TBM.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of March, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[1] And the Court finds any notion that Petitioner could not have learned about post-conviction proceedings had he exercised due diligence any earlier than a year before he filed his Motion incredible on its face given the prevalence of such proceedings.